UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LOUIS ALISTER GIBBS,

        Plaintiff,               Case No. 1:19-cv-557

v.                                   Honorable Janet T. Neff

MATT MILLER et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated in the Chippewa County Jail in Sault Sainte Marie, Michigan. The incident about which he claims, however, occurred while he was housed at

the Calhoun County Jail in Battle Creek, Michigan. Plaintiff sues the Calhoun County Sheriff's Department and its employees Sergeant Matt Miller and Lieutenant Dave Tendziegloski.

Plaintiff alleges that on September 26, 2018, he received legal correspondence from his attorney. When Plaintiff received the mail, the envelope had already been opened. Plaintiff filed a grievance because his legal mail had been opened outside his presence.

Defendant Miller responded to Plaintiff's grievance:

> In your grievance dated 9/26/2018 your complaint is that you received legal correspondence from an attorney and that when your [sic] received the mail it had been opened. You state that this was not done in your presence and therefore constitutes a violation of our policy. You are correct in your statement that your legal mail was opened outside your presence. This had been investigated and it has been determined that it was an oversight and mistake made by the person working in that assignment that day. In no way was it an intentional act direct[ed] toward you. Nothing [was] left out of that correspondence, tampered with, restricted or redacted. Nothing was copied, read for content or otherwise compromised regarding any privileged information that may [have] been written on the pages contained in the letter. The envelope was simply opened, the contents checked as any regular mail would be and then returned to the envelop[e]. We do not read any mail incoming or outgoing for content unless there is a specific reason to do so. In this case the mail was only examined for contraband and not read or tampered with in any way. You are correct that this should not have occurred . . . .

(Grievance Response, ECF No. 1-1, PageID.7.)

Plaintiff was not satisfied with Defendant Miller's response, so he appealed. Defendant Tendziegloski responded as follows:

> Mr. Gibbs, in your grievance you state that your legal mail was opened before it got to you, so you did not witness it. Sgt. Miller investigated it and found that your claim was true. Sgt. Miller after the completion of the investigation met with you and explained the issue. Since Sgt. Miller's shift and the [person-in-question's] shift are not the same, he had to make [arrangements] to meet with them and discuss the issue. This did make it fall outside the 5 days as you outlined and would be considered an unusual circumstance.
>
> You told Sgt. Miller that you had confirmed with your legal counsel that you received all the contents of your mail. Sgt. Miller also confirmed that no one read you mail for content, but they did however check it not in your presence by error, for contraband. We have taken steps to try to make sure this does not happen again.

2

> I apologize for any inconvenience this may have caused you and we will endeavor to not let this happen again.

(Grievance Appeal Response, ECF No. 1-1, PageID.15.)

Plaintiff seeks $500,000 in damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Legal Mail

Incoming mail has long been recognized to pose a greater threat to prison order and security than outgoing mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). For that reason, the Michigan Department of Corrections, for example, may require that inmates specifically request that their legal mail be opened in their presence. *Knop v. Johnson*, 667 F. Supp. 467, 473 (W.D. Mich. 1987), *appeal dismissed*, 841 F.2d 1126 (6th Cir. 1988). Further, a prison can restrict the opening of special mail in the presence of the inmate to those situations wherein the sender is identified as an attorney and the envelope makes a specific restriction on the opening. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). With regard to mail from an inmate's attorney, prison officials have a right to open and inspect such mail for contraband. However, they may not read the mail and must allow the prisoner to be present, upon request, if the envelope is marked as confidential. *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993); *see also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (court abandoned the *per se* rule that the Constitution requires that the opening and inspection of legal mail be in the presence of the inmate).

Calhoun County apparently has a policy regarding incoming legal mail that is consistent with constitutional requirements. That policy, however, was breached with respect to Plaintiff's September 26 legal mail.

Neither Defendant Miller nor Defendant Tendziegloski opened Plaintiff's legal mail. They may supervise the person who opened the mail and they certainly responded to Plaintiff's grievance but, based on Plaintiff's allegations, that is the extent of their involvement.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Miller or Tendziegloski engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff also fails to state a claim against the Calhoun County Sheriff's Department. The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cty. of*

5

*Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)). However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Calhoun County.

In Plaintiff's case, however, there is no point in substituting Calhoun County as a defendant in place of the sheriff's department. The county may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.* Here, Plaintiff's allegations demonstrate that the county had a policy to ***not*** open an inmate's legal mail outside his or her presence. Accordingly, Plaintiff has failed to state a claim against Calhoun County as well.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: August 12, 2019          /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge